**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § § | |
| **V.** | § § | **NO. 5:18-CR-059-C** |
| **DERRICK ALAN THOMAS** | § § | |

**MOTION FOR DISCOVERY AND**
**INSPECTION UNDER RULE 16(a)(1)(G) AND BRIEF**

  The Defendant moves the Court pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the United States Constitution to order the government through its Assistant United States Attorney to disclose and produce, and to permit the Defendant to inspect, copy, photograph and/or photocopy each of the following items of evidence which through due diligence may become known to the government or its agents:

**SUMMARY OF OPINION TESTIMONY**

  The defendant moves the Court to order the government to prepare and produce, prior to trial, a summary of opinion testimony which the government intends to introduce through any witness testifying as an expert under Rules 702, 703, or 705 of the Federal Rules of Evidence.

  Such summary must describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications.

  Rule 16 of the Rules of Criminal Procedure was amended effective December 1, 1993 with the addition of section (a)(1)(G), renumbered (a)(1)(G) as of December 1, 2002.

  Unlike Rule 16(a)(1)(F), this provision is not limited to scientific experts or to reports which are in existence at the time of the defense request. Rule 16(a)(1)(G) applies to any expert, including law enforcement agents/witnesses who may offer expert opinion on a wide variety of subjects, or to a summary witness testifying pursuant to Rule 1006, Federal Rules of Evidence, when such a witness also gives expert testimony.

The rule requires that, on request, the attorney for the government must actually prepare a summary of the expert witness' testimony which the government intends to offer in its case in chief at trial, even though a written report does not exist at the time of the defense request.

## CONCLUSION

All of the above items requested are within the exclusive control of the Federal government, or other agencies acting in conjunction with the Federal government, and since the defendant and defense counsel have no executive power, the materials requested herein are unavailable to the defendant.

WHEREFORE, the defendant prays that the Court order the Assistant United States Attorney to disclose and produce the above-mentioned evidence to the defendant's counsel for copying and inspection.

Respectfully submitted,

**JASON D. HAWKINS**
**Federal Public Defender**
**Northern District of Texas**


/s/ *Sarah Gunter*
Sarah Gunter
Assistant Federal Public Defender
Bar No. 24035471
Federal Public Defender's Office
1205 Texas Avenue, Room 507
Lubbock, TX  79401
Telephone:  (806) 472-7236
Fax:  (806) 472-7241
E-mail: sarah_gunter@fd.org

Attorney for Defendant

**CERTIFICATE OF CONFERENCE**

I certify that I conferred with Jeff R. Haag, the Assistant U.S. Attorney assigned to this matter, regarding the filing of the foregoing and he does not oppose said motion to the extent the motion requests discovery allowed under Rule 16 and Brady.

/s/ *Sarah Gunter*
Sarah Gunter
Assistant Federal Public Defender

**CERTIFICATE OF SERVICE**

I, Sarah Gunter, certify that on the 13th day of July, 2018, a copy of the foregoing was filed through the Electronic Case Filing ("ECF") System. Pursuant to Rule 9 of Miscellaneous Order No. 61, this constitutes service of this document to the United States Attorney for the Northern District of Texas, who is an ECF user.

/s/ *Sarah Gunter*
Sarah Gunter
Assistant Federal Public Defender