**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | |
| **V.** | § | NO.   **5:18-CR-059-C** |
| | § | |
| **DERRICK ALAN THOMAS** | § | |

**MOTION TO DISMISS THE INDICTMENT AS IT
IS BASED ON AN UNCONSTITUTIONAL STATUTE
AND FOR FAILURE TO STATE A FEDERAL OFFENSE,
FOR LACK OF FEDERAL JURISDICTION,
AND BRIEF IN SUPPORT**

**Note:** **The defendant concedes that this Motion's requested relief is contrary to current Fifth Circuit law, but he seeks to preserve the issue for further review, either with the Fifth Circuit en banc, or with the Supreme Court. See United States v. Luna  165 F.3d 316, 319 -322 (5th Cir. 1999) and United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001).**

Defendant DERRICK ALAN THOMAS ("THOMAS"), through undersigned counsel, respectfully asks this Court to dismiss the indictment against him, because: (1) it  is based on an unconstitutional statute; (2) it fails to state a federal offense for lack of federal jurisdiction; and (3) it violates the Defendant's right to a grand jury finding on each of the elements. In support, THOMAS would show that:

**Introduction.**

Defendant is charged with being a felon possessing a weapon as proscribed by 18 U.S.C. § 922(g)(1). The defendant attacks the constitutionality of this statute and the sufficiency of the indictment based on the lack of a sufficient connection to interstate commerce.  The thrust of defendant's argument is that the constitutionality of 18 U.S.C. § 922(g)(1) is doubtful following

the Supreme Court's decisions in <u>United States v. Morrison</u>, 529 U.S. 598, 627 (2000), and <u>Jones</u>

<u>v. United States</u>, 529 U.S. 848, 859 (2000). And, consequently, the Fifth Circuit's decisions in

<u>United States v. Rawls</u>, 85 F.3d 240, 242-43 (5th Cir. 1996) and <u>United States v. Kuban</u>, 94 F.3d

971, 973-74 (5th Cir. 1996), which have upheld the statute's constitutionality, are no longer good

law.

<u>Analysis</u>

**A.      18 U.S.C. § 922(g)(1) is unconstitutional.**

In <u>Rawls</u> and <u>Kuban</u>, the Fifth Circuit held that, despite the Supreme Court's landmark

decision in <u>United States v. Lopez</u>, 514 U.S. 549 (1995), 18 U.S.C. § 922(g)(1) is constitutional

and that the statute was constitutional as applied (in those cases) because the "in or affecting

commerce" element can be satisfied if the firearm possessed by a convicted felon had previously

traveled in interstate commerce.

But the Court's opinions were hardly a ringing endorsement of these propositions.  In

<u>Rawls</u>, all three panel members observed that, had the Supreme Court not appeared to have

addressed this issue in <u>Scarborough v. United States</u>, 431 U.S. 563 (1977), which pre-dated

<u>Lopez</u>, <u>Lopez</u> might well have swung the constitutional question the other way.[1] And in <u>Kuban</u>,

Judge DeMoss's thoughtful dissent explained how and why <u>Scarborough</u> does not control the

---

[1]  <u>See</u> <u>Rawls</u>, 85 F.3d at 243 ("if the matter were *res nova*, one might well wonder how it could rationally be concluded that mere possession of a firearm in any meaningful way concerns interstate commerce simply because the firearm had, perhaps decades previously before the charged possessor was even born, fortuitously traveled in interstate commerce.")(Garwood, Wiener, and Garza, JJ, specially concurring.)

issue of § 922(g)'s constitutionality in the first place. See Kuban, 94 F.3d at 976 (DeMoss, J.,

dissenting in part).

Now it would appear that Judge DeMoss has more accurately divined the Supreme

Court's interpretation of the limits to which the Commerce Clause bestows federal jurisdiction.

Two Supreme Court decisions have cast doubt upon Rawls and Kuban's interpretation of the

Commerce Clause analysis [upholding the constitutionality of 18 § 922(g)].  In fact, these

decisions compel the Court to reconsider Rawls and Kuban in light of the Supreme Court's

holdings in Morrison and Jones.

In Morrison, the High Court considered the provisions of the Violence Against Women

Act (VAWA), which provided a federal civil remedy for the victims of gender-related violence

(42 U.S.C. § 13981).  The Court held that, in enacting § 13981, Congress exceeded its powers

under the Commerce Clause; in so holding, the Court pointedly "reject[ed] the argument that

Congress may regulate noneconomic, violent criminal conduct based solely on that conduct's

aggregate effect on interstate commerce."  Morrison, 529 U.S. at 617. The Court also stressed

that the interdiction of crime is, by and large, a state function, to be undertaken pursuant to the

general police powers possessed by the states and not the federal government. see id.

Admittedly, the statutory provision at issue in Morrison did not contain an "interstate

commerce nexus" like that present in 18 U.S.C. § 922(g)(1), which requires proof of

"possess[ion] in or affecting commerce."  But this is a distinction without a difference.  Only a

week after the High Court decided Morrison, it released its decision in Jones. There, the Court

considered whether a private residence was "used in interstate or foreign commerce or in any

activity affecting interstate or foreign commerce," for purposes of 18 U.S.C. § 844(i), the federal

arson statute. See Jones, 529 U.S. at 850.

A unanimous Court held that the private home in question was not "used in interstate . . .

commerce or in any activity affecting interstate . . . commerce" simply because (1) the mortgage

lender for the home was based out of state; (2) the casualty insurer for the home was located out

of state; and (3) the home received natural gas from sources out-of-state. See id. at 854-57  The

Court observed that a contrary ruling would raise a grave constitutional question whether §

844(i), as so interpreted, exceeded Congress's power to regulate under the Commerce Clause. See

id. at 857-58.  The Court also applied the rule of lenity and the principle that "unless Congress

conveys its purpose clearly, it will not be deemed to have significantly changed the federal-state

balance in the prosecution of crimes." Id. at 858.

Morrison and Jones indicate that 18 U.S.C. § 922(g)'s "possess . . . in or affecting

commerce" phrase does not reach the situation here, where the sole link to interstate commerce is

the fact that the firearm in question was, at some unspecified point in the possibly remote past,

manufactured in another state and then transported to Texas.  Morrison and Jones have implicitly

overruled Kuban and Rawls because, under the Supreme Court's commerce clause analysis, 18

U.S.C. § 922(g)(1) is unconstitutional as currently interpreted.

The 10th Circuit has recently surveyed the law in applying the interstate commerce clause

to the federal prohibition of felon from possession of a bullet proof vest found in 18 U.S.C. 931.

The Court, like this concurring opinion in Kuban, found that the statute could not pass the test set

forth in Lopez, but felt bound to follow Scarborough, or least the Circuit court decisions holding

that Scarborough compels the finding that statutes prohibiting felons from the possession of

weapons or  body armor do confer jurisdiction upon the federal courts. See United States v. Patton, 451 F.3d 615, 633-634 (10th Cir. 2006) (This type of statute "cannot be justified as a regulation of the channels of commerce, as a protection of the instrumentalities of commerce, or as a regulation of intrastate activity that substantially affects interstate commerce.") & 451 F.3d at 635-36 ("Like our sister circuits, we see considerable tension between Scarborough and the three-category approach adopted by the Supreme Court in its recent Commerce. . . . We suspect the Supreme Court will revisit this issue in an appropriate case--maybe even this one.") Note: Defendant incorporates by reference the reasoning of the 10th Circuit's opinion, except to the extent the Court found that Scarborough was authority for finding the statutes in question to be constitutional on their face or as applied.

B.      **Even if constitutional, the statute is unconstitutional as applied.**

Alternatively, if 18 U.S.C. § 922(g)(1) is read to be constitutional on its face, because it requires a substantial affect on interstate commerce, then it is unconstitutional as applied, because the indictment fails to allege a substantial effect on interstate commerce, and the grand jury did not find probable cause that there was a substantial effect on interstate commerce.

C.      **The indictment fails to allege the proper *mens rea* elements of the offense.**

The indictment fails to allege that the defendant knew that he had the status that prohibited him from possessing firearms, nor does it allege the he knew that his possession of the weapons was in or affecting interstate commerce.  These are particularly important elements in this case, thus the failure of the government to allege that the defendant knew that he was a felon is crucial.

In 1986, Congress passed the Firearms Owners Protections Act [FOPA].  A major thrust

of this legislation was to alter the previous federal criminal law governing firearms by explicitly

doing away with strict liability or quasi strict liability for offenses.  Thus, Congress added the

requirement in 18 U.S.C. § 924, that for a person to be liable for punishment, the government

must prove that the person either willfully or knowing violated the relevant section of § 922(g).

The explicit language of the relevant statute in this case allows the government to punish

"[w]hoever knowingly  violates subsection . . . (g) . . . of 922 . . . ."  The statute simply does not

punish whoever "knowingly possesses a firearm" and happens to be a felon.  Also, the statute

simply does not punish whoever "knowingly possesses a firearm" if the firearm possession

happens to be in or affect interstate commerce.  It punishes knowing violations of the statute.

Knowing possession of a weapon is obviously not by itself a crime.  The statute requires a

knowing violation of  § 922(g), thus, by the plain words of the statute, the defendant must know

that he is a felon and that he possessed a weapon, and must know that the possession of the

weapon was in or affecting interstate commerce.  The Supreme Court has so held.  In Bryan v.

United States, 524 U.S. 184, 193 (1998), the Court held that the knowing violation requirement

in 18 U.S.C. § 924 requires the government to prove that the defendant did have "knowledge of

the facts that constitute the offense."  In Staples v. United States, 511 U.S. 600, 618-19 (1994),

the Supreme Court held that, even when a statute has no explicit "knowing" element, the

government must prove that a defendant had knowledge of "the facts that make his conduct

illegal."   In Staples, the Supreme Court noted that there is a "presumption that a defendant must

know the facts that make his conduct illegal" which "should apply" especially where the

alternative is that the statute "would require the defendant to have knowledge only of

traditionally lawful conduct  . . . ."  Id.   Here, the knowing possession of a firearm is

traditionally lawful conduct.  The Supreme Court noted that the "severe penalty" of a potential

10-year sentence suggested that Congress did not intend to jettison the usual requirement that the

defendant know the facts that make his conduct illegal.  See id.

The legislative history also directly supports the idea that Congress intended that the

government must prove the defendant knew the facts and circumstances that constitute the

offense.  Congress explicitly said so.  "It is the Committee's intent, that unless otherwise

specified, the knowing state of mind shall apply to circumstances and results."  H.R. Rep. No.

99-495, 99 Cong., 2d Sess. 25-26, reprinted in 1986 U.S. Code Cong. and Ad.News 1327, 1351-

52.  As noted above, a major thrust of the FOPA was to completely alter the gun laws to abolish

or alter the perceived "strict liability" created by the absence of any scienter requirement in the

statute, and by the Supreme Court's decision in United States v. Freed, 401 U.S. 601, 609 (1971).

A panel of this Court wrongly decided this issue in <u>United States v. Dancy</u>, 861 F.2d 77

(5th Cir. 1988), but in light of <u>Bryan</u> and <u>Staples</u> that decision is no longer valid.

Respectfully submitted,

JASON D. HAWKINS
Federal Public Defender
Northern District of Texas


BY:   /s/ ***Sarah Gunter***
Sarah Gunter
Asst. Federal Public Defender
Texas State Bar No. 24035471
Federal Public Defender's Office
1205 Texas Avenue, Room 507
Lubbock, TX  79401
Telephone:  (806) 472-7236
Fax: (806) 472-7241
E-mail: sarah_gunter@fd.org

Attorney for Defendant

## CERTIFICATE OF CONFERENCE

I, Sarah Gunter, hereby certify that Jeff R. Haag, the Assistant United States Attorney assigned to this matter, is opposed to the relief requested in this motion.

/s/ *Sarah Gunter*
Sarah Gunter
Assistant Federal Public Defender

## CERTIFICATE OF SERVICE

I, Sarah Gunter, certify that on the 13th day of July, 2018, I electronically filed the foregoing Motion to Dismiss Indictment with the clerk for th U.S. District Court, Northern District of Texas, using the electronic filing system for the court.  The electronic case filing system sent a "Notice of Electronic Filing" to AUSA Jeff R. Haag, who presumably has consented in writing to accept this Notice as service of this document by electronic means.

/ s/ *Sarah Gunter*
Sarah Gunter
Assistant Federal Public Defender